Affirmed and Majority and Concurring Opinions filed April 21, 2005









Affirmed and Majority and Concurring Opinions filed April 21,
2005.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-04-00364-CV

_______________

 

NORTHBOROUGH CORPORATE

LIMITED PARTNERSHIP, L.L.P., Appellant

 

V.

 

CUSHMAN
& WAKEFIELD OF TEXAS, INC., Appellee

__________________________________________________________

 

On Appeal from the 151st District Court

Harris County, Texas

Trial Court Cause No. 02-34003

__________________________________________________________

 

C O N C U R R I N G  
O P I N I O N

 

Because
the Texas Real Estate License Act (the AAct@) provides, as a ground for revoking
a real estate license, a license holder=s failure to specify a definite
termination date in a contract, Northborough contends that the inclusion of
such a date in a commission agreement is a statutory prerequisite to recovering
a brokerage commission under the Act. Our decision in this case addresses only
this specific contention and does not reach the separate issue (not asserted by
Northborough) of whether a commission agreement is unenforceable as against
public policy if it does not specify such a date.








In
addition, preceding its revision in 1997, article 6573a, the predecessor to
section 1101.652, stated as the corresponding ground for revocation, Afailing to specify in a listing
contract a definite termination date which is not subject to prior notice.@ 
Act of Sept. 1, 1991, 72nd Leg., R.S., ch. 553, 1991 Tex. Gen. Laws
1913, repealed by Act of June 1, 2003, 77th Leg., R.S., ch. 1421, ' 13, 2001 Tex. Gen. Laws 5020
(emphasis added).  In 1997, this language
was expanded to Afailing to specify in a listing contract or in another
contract in which the licensee agrees to perform services for which a license
is required under this Act a definite termination date which is not subject
to prior notice.@  Act of Sept. 1, 1997,
75th Leg., R.S., ch. 839, 1997 Tex. Gen. Laws 2705, repealed by Act of
June 1, 2003, 77th Leg., R.S., ch. 1421, ' 13, 2001 Tex. Gen. Laws 5020
(emphasis added).  Therefore, in 1994,
when the Star lease was entered, it was not subject to the termination date
requirement because it was not a listing contract.

 

/s/        Richard H. Edelman

Justice

 

Judgment rendered
and Majority and Concurring Opinions filed April 21, 2005.

Panel consists of
Justices Fowler, Edelman, and Frost. 
(Fowler, J., majority.)